# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN RE                )
                     )
NOLAN B. DOUGLAS     )    No. 10 B 09380
                     )
        Debtor.      )

## MEMORANDUM OPINION ON DEBTOR'S
## MOTION TO EXTEND THE AUTOMATIC STAY

Debtor *pro se* filed this Chapter 13 case on March 5, 2010. He moved to extend the stay because he had filed a prior case within the prior twelve months, filed on January 21, 2010, but dismissed on February 18, 2010. The prior case was dismissed because he did not obtain a Certificate of Counseling prior to filing that earlier bankruptcy case, thus violating a mandatory statutory requirement and requiring dismissal of his first case.

He did obtain a Certificate of Counseling before filing this case. However, his Motion to Extend Stay was filed April 21, 2010, more than thirty days after this case was filed on March 5, 2010. Because he did not file his Motion within thirty days, it may not be considered under the provision applicable to the stay in a second bankruptcy case, namely 11 U.S.C. § 362(c)(4)(B), whereunder an extension of stay may be ordered.

However, authority lies for the court to create a new prospective injunction for good cause shown after the thirty-day period has run as in this case. *See In re Furlong*, No. 09-83444, 2010 WL 1063138 (Bankr. C.D. Ill. Mar. 19, 2010); 11 U.S.C. § 362(c)(3)(A),(B). To obtain that relief, the filer must show good faith and a favorable change in circumstances from the situation that sank the first case. *See* 11 U.S.C. § 362(c)(3)(C).

Debtor's first case was thus lost because in ignorance he failed to obtain his credit counseling certificate before the case was filed, an omission that was technical but nonetheless fatal under the statute. His filing of this Motion after the thirty-day period expired in this case was also technical but in this case not fatal to obtaining forward-looking relief. The Debtor otherwise appears able to proceed with a Chapter 13 Plan, subject to the uncertainties that plague every Chapter 13 *pro se* debtor who proceeds through the Chapter 13 complexities with great difficulty and no legal help. In the second case, the Debtor will be given the chance to succeed. A separate order will issue recreating an injunctive stay against all creditors affording the same protections that are usually granted automatically by the stay under 11 U.S.C. § 362, but with only a prospective effect.

Debtor's Motion will therefore be allowed to the foregoing extent, but denied in its attempt to extend the original statutory stay.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 13th day of May, 2010.